UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

Jacob Smith

    Plaintiff,

Nationwide Credit & Collection, Inc.

    Defendant.

Complaint

Jury Demand

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Jacob Smith ("Plaintiff"), by and through his attorneys, Suburban Legal Group, PC, and complains of the Defendant, Nationwide Credit & Collection, Inc. (hereinafter "NCC") stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Plaintiff against NCC (Defendant). for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. 1692k(d).

3. Defendant is subject to the provisions of the FDCPA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k).

4. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. 51391 because the acts complained of were committed and / or caused by the Defendant therein.

## PARTIES

5. Plaintiff is a natural person residing in Cook County, Illinois, and a consumer as defined by 15 U.S.C. 1692a(3).

6. Defendant is an Illinois Corporation, with a primary business address of 815 Commerce Dr Suite 270, Oak Brook, IL 60523.

7. Defendant is a debt collector within the meaning of 15 U.S.C. 1692a(6), in that it uses postal mail, an instrumentality of interstate commerce, across state lines for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8. At some point, Plaintiff had a consumer debt with several medical providers.

9. Defendant collected on the delinquent debt with three different healthcare providers.

10. Defendant decided to contact Plaintiff about the debt via written correspondence on at least two different occasions within the last year. See Exhibit A and B.

11. However, rather than preparing and mailing a collection letter on its own, Defendant sent information regarding Plaintiff and the Debt to a commercial "mail house." See Exhibit A and B

12. Specifically, Defendant communicated with one or more human beings employed at the information regarding the debt to the "mail house."

13. This mail house or "letter vendor" is a third party that is not listed on the exceptions laid out in 15 U.S.C. Section 1692c(b).

14. Plaintiff's rights to privacy have been invaded by Defendant.

15. Defendant disclosed to the third party "letter vender::

    a    Plaintiff's status as a debtor;

    b    The fact that Plaintiff allegedly owed four different amounts of money for four different debts;

    c    The full account numbers for each health care provider vis a vis the Plaintiff's account

    d    That each debt was delinquent

    e    The dates of each treatment

16. The mail house then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff's residence in Illinois. See Exhibit.

17. Moreover, mail house employees saw the above stated information with their own eyes.

18. Plaintiff did not consent to any of the above stated actions by Defendant.

19. The FDCPA defines "communication" at 15 U.S.C. 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

20. The sending of an electronic file containing information about Plaintiff's debt to a mail house is therefore a communication.

Page 3 of 10

21. Defendant's communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged Debt.

20. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a CQ.nsum.e.r.-c.ep.Q.Üj.ng-ag.engy if othenwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

21. The mail house used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. § 1692c(b).

22. Due to Defendant's communication to this mail house, information about Plaintiff, her financial situation are all within the possession of an unauthorized third-party.

23. If a debt collector "conveys information regarding the debt to a third party - informs the third party that the debt exists or provides information about the details of the debt - then the debtor may well be harmed by the spread of this information." *Brown* v. *Van Ru Credit corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

24. Defendant's unlawfully communicates with the unauthorized third-party mail house solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party,

25. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing sensitive medical information to an unauthorized third-party has on consumers.

**Article III Standing**

26. "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," such that "a plaintiff…need not allege any additional harm beyond the one Congress has identified." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549, 194 L.3d 2d 635 (2016).

27. Spokeo instructions that in determining whether a statutory violation confers Article III standing, we should consider "history and the judgment of Congress." Id.

28. Starting with history, we can discern a concrete injury where "intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." Id.

29. Put differently, we look to "whether the statutory violation at issue led to a type of harm that has historically been recognized as actionable." *Muransky v. Godiva Choclatier, Inc*., 979 F. 3d 917, 926 (11th Cir. 2020) (en banc).

30. Certain intangible harm such as intrusion upon seclusion can provide the basis for Standing under Article III because it is "traditionally recognized as providing a basis for lawsuits in American Courts." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021).

31. Our Seventh Circuit Court of Appeals held that where a statute had "informed consent procedures," that a Plaintiff has standing when a Defendant disseminates information without the Plaintiff's informed consent due to. *Cothron v. White Castle System, Inc*. 20-cv-03202, 7th Cir. (2021)

32. Moreover, a day after *Cothron* was issued, the Seventh Circuit Court of Appeals stated the United States Supreme Court recognized "right of privacy that encompass[es] the individual's control of information concerning his or her person." *Persinger vs. Southwest Credit Systems, L.P.*, 21-1037, 7th Cir. (2021).

33. Here, based on the above stated case law, Plaintiff has alleged that his privacy has been invaded by the sharing of unauthorized information to a third party.

## DEFENDANT'S VIOLATIONS OF THE FDCPA

34. Plaintiff adopts and incorporates paragraphs 1 — 33 as if fully stated herein.

35. Defendant violated 15 U.S.C. 1692c(b) when it disclosed information about Plaintiff's purported ACH debt to the employees of an unauthorized third-party mail house in connection with the collection of the Debt.

36. Defendant violated 15 U.S.C. 1692f by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive personal information about Plaintiff, to third parties not expressly authorized under the FDCPA.

37. Defendant conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $ 1,000 as well as other relief.

38. Defendant intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

39. By its conduct, Defendant is liable under the FDCPA for statutory damage up to $1,000 and other compensation.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Preferred, for:

(a) Statutory damages of $1,000.00, pursuant to 15 U.S.C. 1692k(a)(2)(A); (b) Actual damages, pursuant to 15 U.S.C. 1692k(a)(2)(A); (c) Reasonable costs & attorneys' fees under to 15 U.S.C. 1692k(a)(3); and,

(d) Such other relief that this Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted January 31, 2022, by:

By: /s/ John P. Carlin, Esq.
John P. Carlin, Esq. (6277222)
Tracy Wang, Esq.(6282195)
1305 Remington Road, Suite C
Schaumburg, Il 60173
Tel: 847-843-8600
Fax: 847-843-8605
jcarlin@suburbanlegalgroup.com
*Attorney for Plaintiff*